UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>WOODLAND PUBLIC DEFENDERS OFFICER, et al.,<br><br>   Defendant. | No. 2:22-cv-01325 DJC DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant violated his rights by failing to provide plaintiff with adequate representation. Before the court is plaintiff's request to proceed in forma pauperis (ECF No. 23) and plaintiff's complaint for screening (ECF No. 1).

For the reasons set forth below, the undersigned will recommend that this action be dismissed with prejudice. The court will order plaintiff's motion to proceed in forma pauperis denied as moot.

**SCREENING**

**I.   Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3  U.S.C. § 1915A(b)(1) & (2).

4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

10 the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

11 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

12 the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

13 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14       However, in order to survive dismissal for failure to state a claim a complaint must

15 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21       The Civil Rights Act under which this action was filed provides as follows:

22       Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the deprivation
23       of any rights, privileges, or immunities secured by the Constitution .
      . . shall be liable to the party injured in an action at law, suit in equity,
24       or other proper proceeding for redress.

25 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

28 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff claims that Woodland Public Defender's office ("WPDO") violated plaintiff's "substantial constitutional rights." (ECF No. 1 at 1.) Plaintiff argues that defendant WDPO violated his rights as the representation they provided "fell well below the Strickland standard." (Id.) Plaintiff indicates this occurred in connection with three state criminal cases: 2021CR-2518, 2022CR-0602, and 2022CR-1492. (Id.) Plaintiff also identifies a number of actions that he believes defendant WDPO should have taken in his representation. (Id. at 2.) Plaintiff also suggests the WDPO "conspired with Monroe Detention Center" to argue that plaintiff is incompetent in court mental health proceedings. (Id. at 3-4.)

Plaintiff seeks relief in the form of monetary damages totaling $3,024,000 and a recommendation for legislation that would prevent "misdiagnosis and fabricated evidence." (Id. at 3.)

**III.     Does Plaintiff State a Claim under § 1983?**

At the outset, the court notes that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See

3

Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. To the extent plaintiff seeks release from custody or a shorter term of imprisonment, such a remedy should be sought in habeas rather than via a civil rights action.

### A. Woodland Public Defenders Office is Immune in Representing Plaintiff

A defendant has "the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006) (citation omitted) (quoting Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624-25 (1989). Generally, criminal defense attorneys, including public defenders, are considered private parties who did not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-325 (1981) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he is not acting on behalf of the state; he is the state's adversary); Vermont v. Brillon, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor).

Plaintiff may not bring an action under § 1983 against WPDO based on their alleged inadequate representation as they are not acting under color of state law. Polk County, 454 U.S. at 317-325. Accordingly, plaintiff's claims against defendant WPDO must be dismissed without leave to amend as they are barred.

### B. Younger Abstention

Generally, federal courts are required to abstain from interfering with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45 (1971). Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger, 401 U.S. at 43-54. Abstention under Younger is required when: (1) state proceedings, judicial in nature,

1    are pending; (2) state proceedings involve important state interests; and (3) the state proceedings
2    afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics
3    Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v.
4    Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986). Criminal proceedings, by their very
5    nature, involve important state interests. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.
6    2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium)) (stating that a state has an
7    important interest in passing upon and correcting violations of a defendant's rights in criminal
8    proceedings).

9    Here, plaintiff has clearly stated that this action relates to his representation in three state
10   criminal cases. At least two of these cases are still ongoing.[1] As such, plaintiff's claims clearly
11   concern pending state judicial proceedings. These cases, as criminal proceedings, involve
12   important state interests. See Koerner, 328 F.3d at 1046. The third and final requirement for
13   Younger abstention is also satisfied. Plaintiff has not demonstrated that state proceedings do not
14   "afford an adequate opportunity to raise the constitutional claims." See Middlesex County Ethics
15   Comm., 457 U.S. at 432 (citation omitted) (quoting Moore v. Sims, 442 U.S. 415, 430 (1979)).
16   As such, the third requirement for Younger abstention is met as plaintiff provides no authority
17   that state law bars the assertion of the relevant federal constitutional claims.

18   Accordingly, this court's abstention is required given that the three criteria for Younger
19   abstention are present. Id. The Younger doctrine requires that the court dismiss actions where
20   Younger applies. See Beltran, 871 F.2d at 782. Accordingly, it will be recommended that this
21   action be dismissed without prejudice.
22   ////
23

---

24   [1] The court may take judicial notice of state court records. See Fed. R. Evid. 201 (court may take
25   judicial notice of facts that are capable of accurate determination by sources whose accuracy
     cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir.
26   2012) (a court may take judicial notice of undisputed matters of public record including
     documents on file in federal or state courts). Plaintiff provided the case numbers for his state
27   criminal cases in the complaint (2021CR-2518, 2022CR-0602, and 2022CR-1492). On its own
     motion, the court takes of state court records publicly available at https://portal-
28   cayolo.tylertech.cloud/Portal/.

## IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 23.) However, as it will be recommended that this action be dismissed without leave to amend, plaintiff's motion will be denied as moot. Should these findings and recommendations not be adopted, plaintiff will be permitted to file a renewed motion to proceed in forma pauperis.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 23) is denied as moot; and

Further, IT IS RECOMMENDED that this action be dismissed without prejudice as required by Younger v. Harris, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/john1325.scrn.fr_dism