UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WOODLAND PUBLIC DEFENDERS OFFICE – YOLO COUNTY, et al.,<br><br>        Defendants. | No.  2:22-cv-01325-DJC-DB P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 5, 2023, the Magistrate Judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within 21 days. Plaintiff has not filed objections to the findings and recommendations.

    The Court has reviewed the file, and finds that the Magistrate Judge's conclusion that the action should be dismissed to be correct.  However, the Court notes that only two of the three state court criminal cases in which Plaintiff alleges he was provided inadequate representation appear to be barred by *Younger v. Harris*,

401 U.S. 37 (1971).  As Judge Barnes noted, however, the Woodland Public Defender's Office is immune from suit under section 1983, and the claims against the Public Defender's Office must be dismissed for that reason.  *See Polk County v. Dodson*, 454 U.S. 312, 317-325 (1981).  Moreover, since any amendment would be unable to cure the procedural bar against bringing a section 1983 action against a non-state actor, granting leave to amend would be futile.  Plaintiff has also failed to state any grounds for his claim against the Monroe Detention Center under section 1983.

While Plaintiff is entitled to bring a habeas corpus action under *Strickland* at the appropriate time, the section 1983 claims presented here must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 5, 2023, are adopted in part.
2. This action is dismissed with prejudice.
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 4, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DLB7
john1325.800

2